IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY DALE JOHNSON,

    Petitioner,                    No. 2:12-cv-2239 EFB P

    vs.

GARY R. STANTON, et al.,

    Respondents.                ORDER

_____/

        Petitioner is a federal prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4). Petitioner seeks leave to proceed *in forma pauperis*. He makes the required showing. Therefore, the request is granted. *See* 28 U.S.C. § 1915(a).

        Currently pending before the court is petitioner's motion for appointment of counsel and application for a writ of habeas corpus. For the reasons explained below, the court will deny petitioner's motion for appointment of counsel and dismiss the petition with leave to amend. *See* Rules 1(b), 4, Rules Governing § 2254 Cases.

////

////

1

### I.  Motion for Appointment of Counsel

Petitioner requested that the court appoint counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996).  The court may appoint counsel at any stage of the proceedings "if the interests of justice so require."  *See* 18 U.S.C. § 3006A; *see also*, Rules, 1(b), 8(c), Rules Governing § 2254 Cases.  The court does not find that the interests of justice would be served by the appointment of counsel at this stage of the proceedings.  Accordingly, petitioner's request for appointment of counsel is denied.

### II.  Petition for Writ of Habeas Corpus

A judge entertaining a habeas petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  The petition must be dismissed if on initial review the court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rules 1(b), 4, Rules Governing § 2254 Proceedings.  Here, petitioner's application for a writ of habeas corpus must be dismissed with leave to amend.  *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested.  Rule 2, Rules Governing § 2254 Cases.  While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).  The instant petition violates Rule 2 of the Rules Governing  § 2254 Cases.  *See* Rule

1(b), Rules Governing § 2254 Proceedings (permitting a district court to apply the Rules Governing § 2254 Cases to habeas corpus petitions not brought pursuant to 28 U.S.C. § 2254). As drafted, the court cannot determine the specific grounds for relief, and which facts, if any, support each ground for relief.

Since commencing this action with the August 28, 2012 petition, petitioner appears to have attempted to supplement his original filing with additional pleadings. *See* Dckt. Nos. 8, 9, 10. Petitioner is hereby informed that he may not amend his petition through supplemental filings; rather, any amended petition must be complete in itself without reference to any prior filing. *See* E.D. Cal. Local Rule 220. Moreover, to the extent petitioner wishes to challenge the conditions of his confinement, he must first exhaust his administrative remedies at his place of confinement and then commence a civil rights action by filing a complaint pursuant to either 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Narcotics Agents*, 403 U.S. 388 (1971). He may not challenge the conditions of his confinement in this habeas proceeding.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis*, Dckt. No. 7, is granted;

2. Petitioner's motion for appointment of counsel, Dckt. No. 4, is denied without prejudice;

3. Petitioner's application for writ of habeas corpus is dismissed with leave to amend;

4. Petitioner has 30 days from the date of this order to file an amended petition, using this court's form for habeas corpus application and stating all claims and prayers for relief on the form. Any amended petition must bear the docket number assigned to this action and be labeled, "First Amended Petition." The petition must also be complete in itself without reference to any prior petition. Petitioner's failure to comply with this order may result in dismissal; and

////

////

////

1    5. The Clerk of the Court is directed to send petitioner the court's § 2241 habeas corpus
petition form.

Dated: October 24, 2012.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4