\

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DALE JOHNSON, | No. 2:12-cv-2239-EFB P |
| Petitioner, | |
| v. | ORDER |
| GARY R. STANTON, et al., | |
| Respondents. | |

Petitioner is a federal prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This case is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

On October 24, 2012, the court dismissed petitioner's application for writ of habeas corpus with leave to amend.  ECF No. 11.  The dismissal order explained the petition's deficiencies, gave petitioner 30 days to file an amended petition correcting those deficiencies, and warned petitioner that failure to file an amended petition may result in this action being dismissed.  *Id*.  The 30-day period expired without petitioner filing an amended petition or otherwise complying with the court's October 24, 2012 order.  Therefore, on December 3, 2012, the action was dismissed and judgment was entered accordingly.  ECF Nos. 12, 13.

On January 7, 2013, petition filed a notice with the court in which he requested that the Clerk send him a copy of the docket.  ECF No. 14.  Subsequent to receiving a response from the

Clerk, petitioner requested his case be reopened. ECF No. 16. The court construes petitioner's request as a motion for relief from the December 3, 2012 judgment pursuant to Federal Rule of Civil Procedure 60(b).

Federal Rule of Civil Procedure 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." Petitioner claims that he did not receive the court's order due to his transfer from Solano County Jail to a facility in New Jersey. He claims that while in New Jersey, he was placed in segregated housing and did not have this court's address, nor the necessary postage to file a notice of change of address. Petitioner claims that it was not until he was subsequently transferred to Devens Federal Medical Center, located in Massachusetts, that he was able to inform this court of his new address.

The court finds that petitioner's failure to abide by the court's deadlines due to his multiple transfers and inability to communicate with this court constitutes excusable neglect. Accordingly, the court will grant petitioner's motion to set aside the judgment.

On February 7, 2013, petitioner filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It is not apparent from the face of the application that the petitioner is not entitled to relief.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's January 22, 2013 motion (ECF No. 16) is granted and the order and judgment (ECF Nos. 12,13) are set aside.

2. The Clerk is directed to reopen the case.

/////

/////

/////

2

3. Respondent shall file an answer or a motion in response to petitioner's application within 60 days from the date of this order. Any response shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application.

4. Petitioner's reply, if any, shall be filed and served within 30 days of service of an answer.

5. If the response to petitioner's application is a motion, petitioner's opposition or statement of non-opposition shall be filed and served within 30 days of service of the motion, and respondents' reply, if any, shall be filed within 14 days thereafter.

6. The Clerk shall serve a copy of this order together with a copy of petitioner's February 7, 2013 first amended petition for a writ of habeas corpus, with any and all attachments on the United States Attorney.

Dated: August 13, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE