1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LARRY DALE JOHNSON,                        No.  2:12-cv-2239-EFB P

12                 Petitioner,

13         v.                                     ORDER

14    GARY R. STANTON, et al.,

15                 Respondents.

16

17         Petitioner is a federal prisoner without counsel seeking a writ of habeas corpus pursuant to

18    28 U.S.C. § 2254.[1]

19         On February 6, 2014, respondent Grondolsky filed a motion to dismiss.  On February 7,

20    2014, respondents Solano County Jail and Barrett filed a motion to dismiss.  Petitioner failed to

21    timely file an opposition to either motion.  On March 19, 2014, the court informed petitioner of

22    the requirements for filing an opposition to any motion to dismiss.  That order gave petitioner 21

23    days to file an opposition or statement of non-opposition and warned him that failure to do so

24    would result in dismissal of this action without prejudice.

25    /////

26    /////

27    _____

28    [1] This case is before the undersigned pursuant to the parties' consent.  ECF Nos. 5, 31; *see* 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E.D. Cal. L.R. 301, 305.

1

1    The 21 days have passed and petitioner has not filed an opposition or a statement of no

2    opposition nor otherwise responded to the March 19, 2014 order.[2]

3    Accordingly, this action is dismissed.  Fed. R. Civ. P. 41(b); Rule 12, Rules Governing

4    § 2254 Cases.  The court declines to issue a Certificate of Appealability.

5    Dated:  April 24, 2014.

6
7                                        EDMUND F. BRENNAN
                                         UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    _____

27       [2]  Although it appears from the file that petitioner's copy of the order was returned, he was
      properly served.  It is a party's responsibility to keep the court apprised of a current address at all
      times.  Pursuant to Local Rule 182(f), service of documents at the record address of the party is
28    fully effective.